**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ARMANDO ESCAMILLA GRANADOS, | ) | Case No. 3:26-cv-01672 |
| | ) | |
| *Petitioner*, | ) | District Judge Stephanie L. Haines |
| | ) | |
| v. | ) | |
| | ) | |
| SECRETARY MARKWAYNE MULLIN, *et al.*, | ) | |
| | ) | |
| *Respondents*. | ) | |

**ORDER**

Pending before the Court is a Petition for Writ of Habeas Corpus challenging Petitioner's detention by Immigration and Customs Enforcement. Petitioner contends that his detention is governed by 8 U.S.C. § 1226(a), rather than the mandatory detention provision of Section 1225(b)(2)(A), and that he is therefore entitled to an individualized bond hearing before a neutral immigration judge.

The Court of Appeals for the Third Circuit resolved this issue in *Buele Morocho v. Warden Philadelphia FDC*, where it held that Section 1225(b)(2)(A) does not authorize the mandatory detention of noncitizens who have entered the United States and are no longer seeking admission. No. 26-1150, 2026 WL 2546223, at *2-7 (3d Cir. Aug. 28, 2026). Rather, their detention is governed by Section 1226(a), which permits discretionary detention and affords an opportunity to seek release on bond. *Id.* at *9-10. In reaching that conclusion, the Court of Appeals joined the First, Second, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits in rejecting the Government's contrary interpretation of Section 1225(b)(2)(A). *Id.* at *2.

This Court likewise has repeatedly held that Section 1225(b)(2)(A) does not authorize the mandatory detention of noncitizens who entered the United States and are already present in the country. *See, e.g.*, *Calzado Diaz v. Noem*, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025), *vacated as moot*, ECF No. 22 (Dec. 17, 2025). For the reasons set forth in *Buele Morocho* and *Calzado Diaz*, the Court finds that Petitioner is properly detained under Section 1226(a), and thus is owed an individualized bond hearing before a neutral immigration judge.

**AND NOW** this 30th day of September, 2026, and for the reasons stated above, it is hereby **ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED** to the extent it seeks an individualized bond hearing before an immigration judge.
2. The Government is directed to provide Petitioner with the statutory process required under 8 U.S.C. § 1226(a), which includes a bond hearing.
3. The bond hearing shall include an individualized determination of whether Petitioner poses a danger to the community or a flight risk under the ordinary Section 1226(a) framework. The immigration judge shall state the reasons for the custody determination orally on the record or in writing. If bond is denied, the immigration judge shall identify the principal facts and evidence relied upon in determining that Petitioner poses a danger to the community, a flight risk, or both. Nothing in this Order requires the immigration judge to reach any particular custody determination.
4. The Government shall arrange for an individualized bond hearing to be conducted by an immigration judge within **30 days** of the issuance of this Order.

5. If Petitioner is not provided with a bond hearing within **30 days** of the issuance of this Order, or if the immigration judge declines jurisdiction or denies eligibility for a bond hearing, Respondents shall immediately release Petitioner from custody.
6. If Petitioner is granted bond and the Government appeals the immigration judge's decision, then, upon notification to this Court, the writ shall issue and Petitioner shall be automatically released from custody.
7. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Judge

Cc: Counsel of record
(Via CM/ECF electronic mail)